# RAFAEL ARROYO Y BONILLA
## *v.*
# ESTEBAN ARRESE Y ZELAYA.

San Juan, Equity, No. 226.

1. A bill of review to set aside a final decree for error apparent on the face of the record is entitled to be filed as a matter of right, and must be so filed within the time allowed by law for the taking of an appeal from such final decree. Where a petition to file such a bill of review is filed, and the bill of review simply tendered to the court with such petition before the expiration of the period allowed for appeal, but such petition remains pending without action until after the expiration of such period, the petition must be denied.

2. Where defendant makes no answer to a bill in equity, and thus no issue is raised, the matter of the bill may be decreed according to its allegations, without the necessity of oral proof at a formal hearing.

3. In order to authorize the filing of a bill of review, it must contain allegations showing either error of law apparent on the face of the record of the suit in which final decree was rendered, or newly discovered evidence shown not to have been obtainable by due diligence before the entry of the final decree. The allegation of matters clearly within the knowledge of the complaining party before such final entry is not sufficient.

4. Where a discrepancy is alleged between the record as entered and signed by the court and dockets or other memoranda kept in the clerk's office, and such discrepancy is made the basis of a bill of review, the record proper as signed by the judge is conclusive; and such a question cannot be raised by bill of review.

Opinion filed December 18, 1905.

*F. H. Dexter, Esq.,* solicitor for complainant.

Arroyo y Bonilla v. Arrese y Zelaya.

*N. B. K. Pettingill, Esq.,* solicitor for defendant.

McKENNA, Judge, delivered the following opinion:

This cause has been argued and submitted on a petition for leave to file a bill of review. The bill of review is marked tendered in the clerk's office on October 21, 1903, and does not appear to have been called up until May of the present year. The bill of review seeks to have set aside a final decree entered in the equity case of Esteban Arrese *versus* Rafael Arroyo y Bonilla, on November 19, 1901, on the ground that it appears from the clerk's docket and memoranda in the clerk's office that the same was not delivered until November 30, 1901, when there was no session of court, and that the court was at that time without authority to render said decree. By law, two years is allowed from the date of a judgment to file a bill of review. This bill was not filed within such time, and in fact has not yet been filed, although more than four years have elapsed since the entry of said judgment. The petition would have to be denied upon this ground.

Aside, however, from the fact of failure to file the bill in time, and in fact failure to file it at all, the court has examined the said bill as tendered, and finds it does not come up to the requirements indispensable to a bill of review. The bill fails to aver error of law or any error apparent on the face of the record. Neither does it contain averments of newly discovered evidence not obtainable by due diligence before final entry of decree. All the facts alleged were clearly within the knowledge of defendant in said original suit in time to have been raised and passed upon before entry of final decree. The amounts as liquidated in the decree correspond with the mortgage notes

---

NOTE.—As to when a bill of review will lie, see note to Shelton v. Van Kleeck, 27 L. ed. U. S. 269.

specified in the bill, with the addition of interest, and were susceptible of liquidation without the calling of oral witnesses to legally establish what defendant admitted by failure to answer, or otherwise defend his said suit. It follows, therefore, that the taking of oral testimony on formal hearing was unnecessary, no dispute as to amounts being made an issue.

In case of discrepancy between the record as entered and signed by the court, and the dockets and other memoranda kept by the clerk, alleged to exist and included as error and cause for review, the record of the court as signed by the judge must prevail, and is conclusive on all parties.

The petition for leave to file the bill as prayed for is, for the foregoing reasons, denied, and an exception is allowed.